**Opinion filed January 9, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00365-CR

_____

## AUSTIN EUGENE HANNA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 385th District Court
### Midland County, Texas
### Trial Court Cause No. CR50742

## M E M O R A N D U M   O P I N I O N

Appellant, Austin Eugene Hanna, has filed an untimely pro se notice of appeal from a judgment deferring the adjudication of his guilt for the offense of possession of a controlled substance. Pursuant to the terms of a plea agreement, the trial court deferred the adjudication of Appellant's guilt, assessed a fine of $500, placed Appellant on community supervision for a term of three years, and ordered that Appellant be confined for up to twenty-four months in a correctional facility and

seventy-five days in jail as a condition of his community supervision. We dismiss the appeal.

The documents on file in this appeal indicate that Appellant's sentence was imposed on March 29, 2018, and that his pro se notice of appeal was filed in the district clerk's office on November 15, 2019. When the appeal was filed in this court, we notified Appellant that his notice of appeal was not timely and that the trial court had certified that (1) this was a plea-bargain case in which Appellant had no right of appeal and (2) Appellant had waived his right of appeal. We requested that Appellant respond to our letter and show grounds to continue. Appellant has not filed a response.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court 596 days after the sentence was imposed or suspended in open court. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Moreover, the trial court's certification reflects that this is plea-bargain case and that Appellant has no right of appeal. Thus, even if Appellant had timely perfected an appeal, this appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must

dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

January 9, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.